UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAMADOU SOULEYMANE BAH,

       Petitioner,                                                Hon. Janet T. Neff

v.                                                                    Case No. 1:16-CV-717

REBECCA ADDUCI, et al.,

       Respondents.
_____/

**REPORT AND RECOMMENDATION**

       This matter is before the Court on Bah's <u>Amended Petition for Writ of Habeas Corpus</u>. (ECF No. 5). In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of petitions for writ of habeas corpus, the undersigned recommends that Bah's petition for writ of habeas corpus be **denied**.

**BACKGROUND**

       Bah initiated the present action on June 10, 2016, challenging his continued detention by United States Immigration and Customs Enforcement (ICE). (ECF No. 1). On August 3, 2016, Bah submitted an amended petition. (ECF No. 5). Bah asserts that he entered the United States on September 1, 2015, seeking asylum from Senegal. (ECF No. 5 at PageID.26). On October 22, 2015, Bah's request for asylum was denied and an order for his removal from the United States was

1

entered. (ECF No. 5 at PageID.26). Bah was detained by ICE pending his removal. (ECF No. 5 at PageID.26). Bah asserts that the failure by ICE to either remove him from the United States or release him from custody violates his right to due process. Bah requests that the Court order ICE to either: (1) return him to Senegal, or (2) release him subject to an order of supervision. (ECF No. 5 at PageID.27). Respondent opposes Bah's request for relief.

## ANALYSIS

Bah seeks relief under 28 U.S.C. § 2241, which provides that habeas corpus relief may extend to any person "in custody in violation of the Constitution or laws or treaties of the United States." While the federal district courts lack jurisdiction to resolve certain immigration-related issues, *see*, *e.g.*, 8 U.S.C. § 1252, the federal district courts have jurisdiction to resolve petitions for writ of habeas corpus filed under § 2241 by aliens asserting "claims arising out of immigration detention." *See Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)).

Pursuant to 8 U.S.C. § 1231, when an alien is "ordered removed," the Attorney General is required to remove the alien from the United States "within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The statute further provides that "[i]f the alien does not leave or is not removed within the removal period, the alien, pending removal, *shall* be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3) (emphasis added). In certain circumstances, however, an alien "may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). This particular provision applies to aliens falling into one of three categories: (1) an alien who is inadmissible under 8 U.S.C. § 1182;

(2) an alien who is removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4); or (3) an alien who "has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Court was asked to declare 8 U.S.C. § 1231(a)(6) unconstitutional on the ground that it permitted indefinite detention of certain aliens in violation of due process. The Zadvydas Court concluded that § 1231(a)(6) does not authorize indefinite detention, but instead permits detention for only that length of time reasonably necessary to effect removal, presumptively six months. *Zadvydas*, 533 U.S. at 690-701. At the conclusion of this six month period, continued detention is still permitted unless the alien can demonstrate "that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

In support of her position, Respondent has submitted an affidavit executed by Deportation Officer Lucas Wandyg. (ECF No. 8-1 at PageID.46-48). Wandyg asserts that Bah illegally entered the United States on September 1, 2015, whereupon he was detained by Immigration and Customs Enforcement (ICE) officials. An Immigration Judge subsequently issued a final order that Bah be removed from the United States. Petitioner does not refute these assertions. Accordingly, Bah is considered an inadmissible alien pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and may, therefore, "be detained beyond the removal period" subject to the standard articulated above. The question, therefore, becomes whether Bah can demonstrate that "there is no significant likelihood of [his] removal in the reasonably foreseeable future."

In a January 9, 2017 affidavit, Deportation Officer David Scarberry asserts the following. (ECF No. 15-1 at PageID.85-88). On July 1, 2016, Scarberry met with Senegal's Consul General "to address Senegal's issuance of travel documents to several aliens with final removal

3

orders," including Petitioner. Subsequent to that meeting, the Senegal Consul General issued travel documents for six aliens awaiting removal to Senegal. On January 4, 2017, the Senegalese Minister of Foreign Affairs communicated to the United States Ambassador to Senegal that the Consul General would be instructed to issue additional travel documents upon his return to the United States. ICE "is currently working with Senegal to secure Bah's travel documents and expects Senegal to issue [Bah] a travel document in the reasonably foreseeable future."

Petitioner presents no evidence to contradict or call into question any of Scarberry's assertions. Moreover, there is no evidence that Senegal has refused to repatriate its citizens judged removable from the United States. To the contrary, Scarberry asserts that Senegal has recently issued travel documents to Senegalese nationals to facilitate their removal from the United States. While the Court understands the frustration that Petitioner may be experiencing as he awaits removal to his home country, the evidence indicates that responsibility for this circumstance is solely attributable to the Senegalese authorities. This circumstance, however, does not advance Petitioner's cause in this Court. As one court observed:

> the reasonableness of detentions pending deportation cannot be divorced from the reality of the bureaucratic delays that almost always attend such removals. While the American government can be faulted if its bureaucracy causes delay, it cannot be held responsible for the inefficiencies, or worse, of the bureaucracies of other countries. Clearly, it is no secret that the bureaucracies of second and third world countries, and not a few first world countries, can be inexplicably slow and counter-intuitive in the methods they employ as they lumber along in their decision-making. To conclude that a deportable alien who hails from such a country must be released from detention, with the likely consequence of flight from American authorities back into the hinterlands, simply because his native country is moving slow, would mean that the United States would have effectively ceded its immigration policy to those other countries. The Court does not read the holding in *Zadvydas* as requiring such an extreme result.

*Fahim v. Ashcroft*, 227 F.Supp.2d 1359, 1367 (N.D. Ga. 2002); *see also*, *Abdullahi v. Adducci*, 2016 WL 6662557 at *4 (W.D. Mich., Sept. 1, 2016) ("[m]ere delay by the foreign consulate in issuing travel documents, despite reasonable efforts by United States authorities to secure them, does not satisfy a detainee's burden under *Zadvydas* to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). In sum, Petitioner has failed to satisfy his burden to obtain relief.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Bah's habeas corpus petition be denied, without prejudice to his ability to apply for future relief if circumstances change.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: February 28, 2017

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge